UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-329-MOC

| STRIKE 3 HOLDINGS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| JOHN DOE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant John Doe's Notice, which the Court treats as a Motion to Quash as well as a Motion for a Protective Order. (Doc. No. 7).

## I. PROCEDURAL BACKGROUND

On May 8, 2024, Defendant filed the pending motion, objecting to having his information provided to or shared with Plaintiff. (Doc. No. 7). On May 13, 2024, Plaintiff filed a response opposing the motion to the extent that it seeks to quash the subpoena of Defendant's internet service provider. (Doc. No. 8). Plaintiff does not, however, oppose entry of a protective order.

## II. LEGAL STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), a court must quash or modify a subpoena when: the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a person to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; or (4) subjects a person to "undue burden." FRCP 45(d)(3)(A). A court may quash or modify a subpoena if it requires either (1) disclosure of "a trade secret or other

1

confidential research, development, or commercial information"; or (2) disclosure of certain expert opinions. FRCP 45(d)(3)(B).

"The party moving to quash the subpoena must show that it is entitled to the relief it seeks." Gilliam v. Bertie Cnty. Bd. of Educ., No. 20-16-D, 2022 WL 6251966, at *2 (E.D.N.C. Oct. 7, 2022) (citing Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 189 n.2 (4th Cir. 2019)). Additionally, "[t]he party seeking the court's protection from responding to discovery 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" Long v. City of Concord, No. 21-201-D, 2022 WL 16916368, at *1 (E.D.N.C. Nov. 14, 2022) (collecting cases).

### III. DISCUSSION

Here, Defendant's Motion objects to sharing information with Plaintiff but does not provide a reason for that objection. Defendant therefore fails to meet his burden of showing why the subpoena should be quashed, if that is indeed the object of the Motion. Thus, the Court will not quash the third-party subpoena.

However, as Plaintiff notes, pro se documents are to be liberally construed. Given that Defendant stated a desire not to have his information shared, and that Plaintiff does not object to a protective order, the Court will strike Defendant's Motion from the public docket and seal it to safeguard Defendant's identity.

### ORDER

**IT IS, THEREFORE ORDERED** that Defendant's Motion to Quash the third-party subpoena is **DENIED**. Defendant's Motion for a Protective Order is **GRANTED**, and the Clerk of the Court is respectfully instructed to **STRIKE** Defendant's Motion, (Doc. No. 7), from the docket and file it **UNDER SEAL**.

Signed: September 23, 2024

Max O. Cogburn Jr
United States District Judge